Robert W. Thompson, Esq. (SBN: 250038)
THOMPSON LAW OFFICES, P.C.
700 Airport Blvd., Suite 160
Burlingame, California 94010
Telephone: (650) 513-6111
Facsimile: (650) 513-6071

Attorneys for Non-Party JANE DOE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE;<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID GUILLOD,<br><br>　　　　Defendant. | Case No.<br><br>**MOTION TO QUASH SUBPOENA** |

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 45(c) and California Marsy's Law, Non-Party JANE DOE #2 (hereinafter "Movant," a California resident) hereby requests this Court quash Defendant David Guillod's subpoena issued on or around April 4, 2022 by the United States District Court of New Jersey under Case Number 2:21-cv-02743-SRC-CLW seeking non-party deposition testimony and documents related to Movant's rape and sexual assault allegations against Guillod, for which there are active criminal cases pending. Movant has no knowledge of Plaintiff or the underlying civil case pending in the United States District

Court of New Jersey, which appears to be related to a 1984 sexual assault by David Guillod in New Jersey.

Defendant Guillod's subpoena is overly broad, unduly burdensome, seeks disclosure of privileged matter and violates Movant's constitutional rights under California Marsy's Law. Defendant's only purpose for pursuing such subpoenas is to gather otherwise prohibited discovery in his criminal case and to harass and intimidate his victims, including Movant. Furthermore, Guillod's subpoena seeks testimony and documents in direct violation of the September 22, 2021 Order by the Honorable Patricia Kelly granting the State's Motion to Quash subpoenas seeking identical discovery in the Superior Court of California, County of Santa Barbara under case number 20-CR-80026. *See* Court Order, attached hereto as Exhibit A.

## II.   STATEMENT OF FACTS

Movant is a complainant in the State of California's case in the county of Santa Barbara against David Guillod. *See* Superior Court of California, County of Santa Barbara, Case No.: 20CR80026. Movant has no knowledge of Plaintiff, has never met Plaintiff or spoken with Plaintiff, and has no knowledge of the facts or claims underlying the matter for which she was subpoenaed to testify and produce documents.

Movant was served on or about April 28, 2022 with a subpoena to provide testimony and document production on May 4, 2022 in a New Jersey Federal District Court Civil Action No. 2:21-cv-02743. *See* Subpoena, attached hereto as Exhibit B[1]. Defendant's

---

[1] Movant has redacted her own name, as she is an unnamed Jane Doe complainant in the above-mentioned criminal matter, as well as redacting Plaintiff's name, who has filed under pseudonym. Movant will send an unredacted version directly to the Court if so directed.

subpoena commands Movant's appearance for a deposition by Defendant's criminal and civil attorney, Philip Cohen, Esquire, at his office in Santa Monica, California, and demands Movant produce the following documents:

1. Any and all written communication between YOU and PLAINTIFF, including but not limited to any communication by and/or between YOU and any attorney(s) for PLAINTIFF;
2. Any and all electronic and written communication received by YOU from any law enforcement agency and/or District Attorney's Office (whether in New Jersey, California or any other jurisdiction) pertaining to PLAINTIFF;
3. Any and all electronic and written communication received by YOU from any law enforcement agency and/or District Attorney's Office (whether in New Jersey, California or any other jurisdiction) pertaining to DEFENDANT;
4. Any and all electronic or written communication between YOU and DEFENDANT.

On May 3, 2022, Movant, not yet having retained counsel, sent to counsel for Defendant a letter objecting to the subpoena and advising that, due to the deficiencies in the subpoena and the inadequate notice, she would not be complying. *See* Movant's Letter to Defense, attached hereto as Exhibit C.

### III.  LEGAL STANDARD

The Federal Rules of Procedure generally provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that...requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a).

This Court is the appropriate venue for this motion because subpoenas must be challenged before the court for the district where compliance is required. *See* Fed. R. Civ.

P. 45(d)(3)(a) ("On timely motion, *the court for the district where compliance is required must quash or modify a subpoena[.]*")(emphasis added).

## IV.   ARGUMENT

The subpoenas issued by Defendant must be quashed as it was not served with enough time to comply, it is facially overly broad, unduly burdensome, seek disclosure of privileged matter, and violation Movant's Constitutional rights under Marsy's law.

As a threshold matter, Defendant's subpoena fails to allow a reasonable time for Movant to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply..."). Defendant's subpoena was served on Movant on April 28, 2022 to appear in person for a deposition on May 4, 2022, less than one week later.

Next, Defendant's subpoena is overly broad in that it seeks a wide range of documents, including investigative documents, without properly defining or narrowing the scope of documents by any date range.

Next, Defendant's subpoena must be quashed as it improperly seeks disclosure of privileged matter. Federal Rules of Civil Procedure 45(d)(3)(A)(iii) states, "On timely motion, that the court for the district where compliance is required must quash or modify a subpoena that...requires disclosure of privileged or other protected matter, if no exception or waiver applies..." Defendant's subpoena improperly seeks disclosure of privileged matter, as the testimony and documents sought by Defendant are of the same matter that was quashed by the Honorable Patricia Kelly in the California criminal matter on or about September 22, 2021. Requiring Movant to comply with Defendant's subpoena would put her in violation of the Order prohibiting the disclosure of the subpoenaed information. Defendant has not, nor can he, claim any exception or waiver to the Superior Court's order.

Additionally, Defendant's subpoena is unduly burdensome and therefore must be quashed. Federal Rules of Civil Procedure 45(d)(3)(A)(iv) states, "On timely motion, that the court for the district where compliance is required must quash or modify a subpoena that...subjects a person to undue burden." Defendant's subpoena poses undue time, financial, and emotional burdens on Movant. Movant is not a party to the underlying civil matter, has no knowledge of Plaintiff or the underlying claims, was given just over one week to attempt to comply with the demands, and now must retain private counsel for a matter in which she has no knowledge whatsoever. Moreover, Movant was sexually assaulted by Guillod and is actively participating in the State's prosecution; compelling her to sit through a deposition for a completely unrelated case by the same defense attorney who will later subject her to cross-examination in the criminal matter is the epitome of unnecessary re-traumatization and is an abuse of the civil process.

Lastly, Defendant's subpoena is a violation of Movant's Constitutional rights under Marsy's Law. Under Marsy's Law, the California Constitution article I, § 28, provides Movant with the following enumerated rights:

1. To be treated with fairness and respect for her privacy and dignity, and to be free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process.
2. To be reasonably protected from the defendant and persons acting on behalf of the defendant.
3. ...
4. **To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney**, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law.
5. **To refuse an interview, deposition, or discovery request by the defendant, the defendant's attorney,** or any other person acting on behalf of the defendant, and to set reasonable conditions on the conduct of any such interview to which the victim consents.

California Constitution article I, § 28, section (b) §§1-5 (emphasis added).

Here, Phillip Cohen, Esquire, represents Guillod in both the criminal prosecution, and the civil matter for which he is subpoenaing Movant's testimony and production of documents. Movant has no relationship whatsoever to Plaintiff or her claims. Defendant's subpoena is clearly just an attempt to continue to intimidate, harass and abuse Movant throughout the criminal justice process, and the subpoena is a violation of Movant's rights as a victim of crime to be protected from Defendant, free from harassment, and her right to be prevented from the disclosure of confidential information or records to the Defendant and her right to refuse deposition by the Defendant and his attorney.

## V.  CONCLUSION

For the foregoing reasons, Movant Jane Doe respectfully requests this Honorable Court grant Movant's Motion to Quash the April 4, 2022 Subpoena by Defendant David Guillod.

Dated: May 3, 2022                                        THOMPSON LAW OFFICES, P.C.

                                                          By: _____
                                                              Robert W. Thompson, Esq.
                                                              Attorney for Non-Party Jane Doe